1

2

3

4

5

6

7

8

9                    **IN THE UNITED STATES DISTRICT COURT**

10                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   ERIC ADAMS,                                    CASE NO. CV F 10-0512 LJO DLB

13                         Plaintiff,              **ORDER ON DEFENDANTS' F.R.Civ.P. 12**
                                                    **MOTION TO DISMISS**
14          vs.                                     (Doc. 7.)

15   LITTON LOAN, et al,

16                         Defendants.
     _____/

17

18                              **INTRODUCTION**

19          Defendants Litton Loan Servicing LP ("Litton") and Goldman Sachs Specialty Lending

20   Holdings, Inc. ("Goldman") seek to dismiss as meritless and lacking necessary facts and elements pro

21   se plaintiff Eric Adams ("Mr. Adams'") claims arising from Litton's denial to modify Mr. Adams' home

22   loan.  This Court considered Litton and Goldman's (collectively "defendants'") F.R.Civ.P. 12(b)(6)

23   motion to dismiss on the record and VACATES the May 4, 2010 hearing, pursuant to this Court's sua

24   sponte dismissal of this action.

25                              **BACKGROUND**

26                         **Mr. Adams' Home Loan**

27          On January 6, 2004, Mr. Adams obtained a $269,600 loan from Fremont Investment & Loan for

28   the purchase of his Los Banos home ("property").  The loan was secured by a deed of trust ("DOT")

                                        1

1  recorded against the property.[1]  Litton is the loan servicer.

2      By October 2009, Mr. Adams had defaulted on his loan.  On October 13, 2009, a notice of

3  default and election to sell under deed of trust was recorded to reflect that Mr. Adams owed $18,651.07

4  in delinquent loan payments.

5      Litton denied Mr. Adams' request for loan modification.

6                                    **Mr. Adams' Claims**

7      Mr. Adams proceeds on his complaint ("complaint") filed on February 9, 2010 in Merced County

8  Superior Court prior to removal to this Court.  The complaint includes four claims entitled successively

9  "Deseption [sic] and Misrepresentation Wrongful Mortgage Practices," "Fraud and Extortion,"

10  "Misconduct," and "Defamation and Slander."  The complaint takes issue with Litton's denial of loan

11  modification.  The complaint makes reference to "bait-and-switch schemes," "extortion," and "blatant

12  form of misconduct."  The complaint notes: "It is evident that the defendants have broken a civil action

13  and committed Fraud."  For relief, the complaint seeks "damages" and orders to "Cease and Desist on

14  any actions of default, foreclosure and/or sale," "for mortgage payment to be $559.21 fixed," and to

15  "Stop predatory modification practices."

16                                      **DISCUSSION**

17                       **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

18      Defendants fault the complaint as an improper attempt "to halt legitimate foreclosure" and seek

19  to dismiss its claims for failure to satisfy federal pleading requirements.

20      "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

21  may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

22  *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

23  sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

24  319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

25  745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

26  prior to service of process on defendants).

27  _____

28      [1]      Documents pertaining to Mr. Adams' loan and foreclosure of the property were recorded with the Merced
    County Recorder.

                                           2

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must  not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing*

3

1    *Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either

2    direct or inferential allegations respecting all the material elements necessary to sustain recovery under

3    some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v.*

4    *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

5          In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently

6    explained:

7          To survive a motion to dismiss, a complaint must contain sufficient factual
      matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A
8      claim has facial plausibility when the plaintiff pleads factual content that allows the court
      to draw the reasonable inference that the defendant is liable for the misconduct alleged.
9      . . . The plausibility standard is not akin to a "probability requirement," but it asks for
      more than a sheer possibility that a defendant has acted unlawfully.  (Citations omitted.)

10

11         After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

12   to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

13   content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*

14   *Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

15         The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

16         First, the tenet that a court must accept as true all of the allegations contained in
      a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
17     a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
      only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
18     . Determining whether a complaint states a plausible claim for relief will . . . be a
      context-specific task that requires the reviewing court to draw on its judicial experience
19     and common sense. . . . But where the well-pleaded facts do not permit the court to infer
      more than the mere possibility of misconduct, the complaint has alleged – but it has not
20     "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

21         In keeping with these principles a court considering a motion to dismiss can
      choose to begin by identifying pleadings that, because they are no more than conclusions,
22     are not entitled to the assumption of truth. While legal conclusions can provide the
      framework of a complaint, they must be supported by factual allegations. When there are
23     well-pleaded factual allegations, a court should assume their veracity and then determine
      whether they plausibly give rise to an entitlement to relief.

24

25   *Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

26         With these standards in mind, this Court turns to defendants' challenges to the complaint.

27                              **Failure To Satisfy F.R.Civ.P. 8**

28         The complaint references four "causes of action," but as defendants note, each cause of action

                                          4

fails to allege facts sufficient to state a claim.  F.R.Civ.P. 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct."  This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  *McHenry*, 84 F.3d at 1180.  "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges."  *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim.  *Jones*, 733 F.2d at 649.  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting  *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).  The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The complaint fails to satisfy F.R.Civ.P. 8.  The complaint makes mere references to "bait-and-switch schemes," "extortion," and "blatant form of misconduct" and notes: "It is evident that the

defendants have broken a civil action and committed Fraud."   The complaint lacks facts to support claims or valid, cognizable legal theories as to defendants.  The complaint lacks specific allegations as to Goldman.  The complaint fails to give defendants fair notice of claims plainly and succinctly to warrant dismissal of the complaint.

### Fraud Claims

The complaint's first two claims are entitled "Deseption [sic] and Misrepresentation Wrongful Mortgage Practices" and "Fraud and Extortion."  The first claim alleges that based upon Litton's request for documents to consider Mr. Adams' loan modification request, "the plaintiff can clearly state that the defendants' actions makes this also a cause of fraud."

Defendants fault the claims' failure to satisfy F.R.Civ.P. 9(b) particularity requirements and fraud elements.

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996).  The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996).  There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.  "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986).

/ / /

/ / /

/ / /

F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[2] In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess*, 317 F.3d at 1107.[3] A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of

---

[2]     F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

[3]     "In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess*, 317 F.3d at 1103-1104.

1     the alleged fraudulent activities, and that "mere conclusory allegations of fraud are

2     insufficient." . . .  The plaintiff must set forth what is false or misleading about a
statement, and why it is false.  In other words, the plaintiff must set forth an explanation
as to why the statement or omission complained of was false or misleading. . . .

3

          In certain cases, to be sure, the requisite particularity might be supplied with great

4     simplicity.

5 *In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in

6 original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal*

7 *Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

8 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the

9 misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates,

10 places, benefits received and other details of the alleged fraudulent activity.")

11     As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough

12 information to enable them 'to know what misrepresentations are attributable to them and what

13 fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*,

14 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp.

15 1427, 1433 (N.D. Ca. 1988)).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants

16 together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant

17 . . . and inform each defendant separately of the allegations surrounding his alleged participation in the

18 fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds*

19 *Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)).  "In the context of a fraud suit involving

20 multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the

21 alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*,

22 885 F.2d 531, 541 (9th Cir. 1989)).

23     Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the

24 persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke,

25 what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut. Auto. Ins. Co.*

26 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

27     Defendants correctly note that the complaint lacks facts to allege or support elements of a claim

28 grounded or sounding in fraud, including "extortion."  The complaint is severely lacking and fails to

8

satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements.  The complaint makes bare reference to general "misrepresentation" and "fraud" with no required details and merely articulates displeasure with Litton's denial of Mr. Adams' loan modification.  The complaint makes no effort to allege names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  The complaint fails to substantiate the circumstances alleging falseness attributable to defendants.  The complaint lacks facts to support each fraud element or any elements grounded or sounding in fraud.  The first and second claims' deficiencies are so severe to suggest no potential improvement from an attempt to amend.

### Misconduct Claim

The complaint's third claim is entitled "Misconduct," and like defendants, this Court construes it as a flawed negligence claim.

Defendants fault the claim's failure to satisfy necessary elements of a negligence, especially given limited lender duties.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.,* 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

"The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular relationship to others. . . . In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016-1017, 67 Cal.Rptr.2d 516 (1997).

There is no actionable duty between a lender and borrower in that loan transactions are arms-

length.  A lender "owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161 Cal.Rptr. 516 (1980) (citing several cases).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark*, 231 Cal.App.3d at 1096, 283 Cal.Rptr. 53; *see Myers v. Guarantee Sav. & Loan Assn.*, 79 Cal.App.3d 307, 312, 144 Cal. Rptr. 616 (1978) (no lender liability when lender did not engage "in any activity outside the scope of the normal activities of a lender of construction monies").

"Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances."  *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516.  The success of a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to protect."  *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any information it may have had").

Defendants note the complaint's failure "to allege facts showing defendants owed him a duty of care."  Defendants are correct that the complaint lacks facts to support an actionable duty to impose on defendants.  "No such duty exists" for a lender "to determine the borrower's ability to repay the loan. . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's."  *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006) (borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan").  Defendants are correct that they "owed no duty of care to Adams."  The complaint lacks facts of special circumstances to impose duties on defendants in that the complaint depicts an arms-length loan transaction, nothing more.  The complaint fails to substantiate a special lending relationship or an actionable breach of duty to substantiate a negligence claim.  The "misconduct" claim fails.

### Defamation And Slander Claim

The complaint's fourth claim is entitled "Defamation and Slander."

Defendants challenge the claim's failure to satisfy elements of defamation or slander.

10

1    To state a claim for either libel or slander a plaintiff must establish "the intentional publication

2    of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes

3    special damage." *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1020 (N.D. Cal. 2006) (citing

4    *Smith v. Maldonado*, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999); Cal. Civ.Code §§ 45-46).

5    Publication means "communication to a third person who understands the defamatory meaning of the

6    statement and its application to the person to whom reference is made." *Arikat*, 430 F.Supp.2d at 1020.

7    Defendants correctly note the complaint's absence of allegations of a publication of a false

8    statement concerning Mr. Adams, injury by publication of a false statement, or a false statement's

9    tendency to cause injury.  The complaint lacks facts to support a defamation or slander claim.

10                              **Attempt At Amendment And Malice**

11    Mr. Adams' claims are insufficiently pled and barred as a matter of law.  Mr. Adams is unable

12    to cure his claims by allegation of other facts and thus is not granted an attempt to amend.

13    Moreover, this Court is concerned that Mr. Adams has brought this action in absence of good

14    faith and that Mr. Adams exploits the court system solely for delay or to vex defendants.  The test for

15    maliciousness is a subjective one and requires the court to "determine the . . . good faith of the

16    applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795

17    F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has

18    inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process").  A lack of

19    good faith or malice also can be inferred from a complaint containing untrue material allegations of fact

20    or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th

21    Cir. 1984).   An attempt to vex or delay provides further grounds to dismiss this action against

22    defendants.

23                              **CONCLUSION AND ORDER**

24    For the reasons discussed above, this Court:

25    1.      DISMISSES with prejudice this action against defendants; and

26    2.      DIRECTS the clerk to enter judgment against plaintiff Eric Adams and in favor of

27            defendants Litton Loan Servicing LP and Goldman Sachs Specialty Lending Holdings,

28    / / /

11

1      Inc. and to close this action.

2      IT IS SO ORDERED.

3    **Dated:    April 8, 2010**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE

12